**In re SPORTS ACCESSORIES, INC., Debtor.**

**Bankruptcy No. 80-1-1453.**

United States Bankruptcy Court, D. Maryland.

Oct. 28, 1983.

Charles Docter, Kensington, Md., Trustee of the estate.

Edward Genn, Washington, D.C., for trustee.

Judith O'Neill, Baltimore, Md., for creditor, Alvin Brown.

Douglas Mishkin, Washington, D.C., for American Sec. Bank.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Alvin I. Brown, a creditor, has filed an application for an order instructing the trustee to furnish information concerning administration of the estate. Counsel for the trustee suggests that because there is litigation going on between the trustee and Mr. Brown in the United States District Court for the District of Maryland, the request ought to be delayed pending full discovery in the District Court action. The court disagrees.

11 U.S.C. § 704(6) provides:

§ 704. *Duties of trustee*

The trustee shall—

   *     *     *     *     *     *

(6) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

As has been described:

The Bankruptcy Code adopts the policy of Bankruptcy Rule 218(3) that the duty of the trustee to furnish information to a party in interest shall be subject to restraint by an order of the court, but the terms "reasonably requested" is changed to "requested." This tends to make a request for information difficult for the trustee to avoid, in the absence of a court order to the contrary. Perhaps the intention behind this change in wording is to provide for more openness in the administration of the estates and to shift to the court the determination of the reasonableness of a request, questioned by a trustee.

1 Norton *Bankr.L. & Prac.* (1981)

Counsel for Mr. Brown suggests that he has a legitimate interest in the information sought. While all of the information could also be obtained by way of discovery in the pending District Court action, the court does not see that as a reason for foreclosing Mr. Brown's request for information. On the other hand, the trustee may well complain that it is unfair for Mr. Brown to obtain information from him but "stonewall" with respect to the discovery sought in the pending federal court case. That is a matter to be argued in that forum, not here.

As indicated in Exhibit 2 to the trustee's opposition to the motion to dismiss (filed March 13, 1981, paper # 22), the balance sheet of Sports Accessories, Inc., disclosed accounts receivable of $366,859.00 on December 31, 1980, some three months before the entry of the order for relief on March 24, 1981. The creditor seeks to find out what the trustee has done with respect to administration of the estate and particularly with regard to the collection of the accounts receivable.

Considering the overriding duty of the trustee to keep creditors informed, the court will order the disclosure of information to Mr. Brown. The trustee is directed to turn over within a reasonable time suppletary information concerning the following items:

1. What accounts receivable were outstanding as of March 24, 1981?

2. What accounts receivable have been collected by the trustee since that date?

3. What litigation has been filed by the trustee to collect any accounts receivable?

4. What cases have been turned over to counsel for collection?

5. What accounts has the trustee elected not to pursue further?

Such information could be supplied in the form of a list with appropriate footnotes. This list would supplement the cash journal heretofore turned over by the trustee. In addition, the trustee shall advise the creditor as to the amount of estate funds in the trustee's possession as of October 24, 1983.

An order will be entered in accordance with this opinion.